**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

MARVIN MITCHELL,

     Petitioner,

v.

                              Civil Case No. 8:24-cv-873-TPB-TGW
                              Crim. Case No. 8:19-cr-529-TPB-TGW

UNITED STATES OF AMERICA,

     Respondent.

_____

## **ORDER**

Before the Court is Marvin Mitchell's Motion for Relief from Judgment under Rule 60(b), Federal Rules of Civil Procedure. (Civ. Doc. 15) The United States responds in opposition. (Civ. Doc. 18) Mitchell's motion must be **DENIED**.

## I.    **Background**

On March 25, 2024, Mitchell initiated this action by filing a motion under 28 U.S.C. § 2255 to vacate his convictions and 180-month sentence for conspiracy to distribute and distributing controlled substances. (Civ. Doc. 1) The United States was directed to file a response to the § 2255 motion, and Mitchell was permitted to file a reply. (Civ. Doc. 7) That order was mailed to Mitchell at his current place of incarceration, Coleman Medium Federal

Correctional Institution (FCI Coleman Medium), and was not returned as undeliverable.

The United States filed its response to Mitchell's § 2255 motion on October 22, 2024. (Civ. Doc. 10) The response's certificate of service states that it was mailed to Mitchell at FCI Coleman Medium where he remains incarcerated. (*Id*. at 22)

Mitchell never filed a reply. And, on March 10, 2025, more than four months after the United States served its response on Mitchell, the Court denied the § 2255 motion as meritless. (Civ. Doc. 11) A judgment was entered against Mitchell the following day, and this case was closed. (Civ. Doc. 12) Both the order and judgment were mailed to Mitchell at FCI Coleman Medium, and neither was returned as undeliverable.

More than nine months later, on December 22, 2025, Mitchell mailed the Clerk a letter inquiring about the status of his case. (Civ. Doc. 14) The Clerk responded by mailing Mitchell a copy of the docket sheet.

Another four months passed, and on April 27, 2026, Mitchell filed the current motion for relief from judgment. Under Rules 60(b)(1), (4), and (6), Mitchell requests that the Court vacate its order, reopen this case, direct the Clerk to re-serve the United States' response to his § 2255 motion, and grant him leave to file a reply. (Civ. Doc. 15) He contends that he received neither the United States' response to his § 2255 motion nor the Court's order denying

2

his § 2255 motion. According to Mitchell, it was not until he received a copy of the docket sheet from the Clerk that he learned of the United States' response and the Court's order.

## II.   Discussion

### *Rule 60(b)(1)*

First, Mitchell seeks relief under Rule 60(b)(1). He argues that his failure to reply to the United States' response "resulted from lack of notice, not neglect." (Civ. Doc. 15 at 2)

"On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A "mistake" under Rule 60(b)(1) includes "all mistakes of law made by a judge." *Kemp v. United States*, 596 U.S. 528, 533–34 (2022).  However, a motion under Rule 60(b)(1) "must be made within a reasonable time" not to exceed one year. Fed. R. Civ. P. 60(c)(1).

Mitchell is not entitled to relief under Rule 60(b)(1) because his motion was filed too late. Mitchell filed his Rule 60(b) motion on April 27, 2026, more than one year after the Court denied his § 2255 motion on March 10, 2025. *See Bainbridge v. Governor of Fla.*, 75 F.4th 1326, 1335 (11th Cir. 2023) (affirming denial of relief under Rule 60(b)(1) as untimely).

3

*Rule 60(b)(4)*

Next, Mitchell seeks relief under Rule 60(b)(4). He argues that he was denied notice and an opportunity to be heard, which renders the Court's order and judgment void. (Civ. Doc. 15 at 2)

"A court may relieve a party from a final judgment or order if 'the judgment is void.'" *Bainbridge*, 75 F. 4th at 1335 (quoting Fed. R. Civ. P. 60(b)(4)). "'A void judgment is one so affected by a fundamental infirmity that the infirmity may be raised even after the judgment becomes final. The list of such infirmities is exceedingly short; otherwise, Rule 60(b)(4)'s exception to finality would swallow the rule.'" *Id.* (quoting *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 270 (2010)). "A judgment is not void 'simply because it is or may have been erroneous.'" *Id.* "Instead, Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." *Id.* (quoting *United Student Aid Funds, Inc.*, 559 U.S. at 271).

Mitchell is not entitled to relief under Rule 60(b)(4) because he received adequate notice of his opportunity to reply. In its order dated June 24, 2024, the Court notified Mitchell he could file a reply within 30 days of the United States' response. (Civ. Doc. 7) Mitchell does not deny receiving this order, and

4

the docket sheet contains no notation that the Court's orders have been returned as undeliverable.

Mitchell had adequate opportunity to reply because the Court waited more than four months after the United States responded to rule on Mitchell's § 2255 motion. Mitchell never sought an extension of time to reply, and he does not contend that his address changed or that any other circumstance explains his failure to timely file a reply. Furthermore, he offers no explanation for not receiving the United States' response. *See* Fed. R. Civ. P. 5(b)(2)(C) ("A paper is served under this rule by . . . mailing it to the person's last known address—in which event service is complete upon mailing[.]"); *Konst v. Fla. East Coast Ry. Co.*, 71 F.3d 850, 851 (11th Cir. 1996) ("The common law has long recognized a rebuttable presumption that an item properly mailed was received by the addressee."). The fact that Mitchell received both the Court's June 24, 2024, order, as well as a copy of the docket sheet sent by the Clerk, casts doubt on his assertion that he did not receive the United States' response or the Court's order denying his § 2255 motion because all these documents were mailed to Mitchell at FCI Coleman Medium.

### *Rule 60(b)(6)*

Finally, Mitchell argues he is entitled to relief under Rule 60(b)(6) because the "complete breakdown of the adversarial process justifies relief." (Civ. Doc. 15 at 2)

Rule 60(b)(6) permits relief for "any [] reason [other than the ones specifically enumerated in Rule 60(b)] that justifies relief." *Kemp*, 596 U.S. at 533 (noting "[Rule 60(b)(6)] is available only when Rules 60(b)(1) through (b)(5) are inapplicable"). "Motions under Rule 60(b)(6) are not subject the additional 1-year constraint." *Kemp*, 596 U.S. at 533. They simply must be made within "a reasonable time." *See* Fed. R. Civ. P. 60(c)(1). "[A] determination of what constitutes a reasonable time depends on the facts in any given case, and in making the determination, courts should consider whether the movant had a good reason for the delay in filing and whether the non-movant would be prejudiced by the delay." *Kerruish v. Essex Holdings, Inc.*, 839 F. App'x 428, n.6 (11th Cir. 2021) (citing *Lairsey v. Advance Abrasives Co.*, 542 F.2d 928, 930 (5th Cir. 1976)).

Mitchell offers no explanation for his significant delay in prosecuting this case. Mitchell initiated this case in March 2024 (Civ. Doc. 1) and filed an amended § 2255 motion in June 2024 (Civ. Doc. 5). Mitchell did not appear in this action again until December 2025 when he inquired about the status of his case by mailing the Clerk a letter. He acknowledges receipt of the docket sheet from the Clerk but delayed another five months before filing the current Rule 60(b) motion. Mitchell neglects to show good reason for not timely filing a reply. Nor does he offer any explanation for the five-month delay between receipt of the docket sheet and the filing of the Rule 60(b) motion. Moreover,

6

the United States would be prejudiced by the reopening of this action, which has been closed for more than a year, particularly because Mitchell neglects to identify any argument he wishes to make in a reply.

## III.   Conclusion

For these reasons, Mitchell's Motion for Relief from Judgment under Rule 60(b) must be **DENIED**. To the extent necessary, the Court **DENIES** both a certificate of appealability and leave to appeal *in forma pauperis*. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). This case remains **CLOSED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 29th day of June, 2026.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**